UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

VAY GORDON,                                          **21-CV-2154(JMF)**

                         Plaintiff,        **AMENDED COMPLAINT**

       -against-

                                         **JURY TRIAL DEMANDED**

CITY OF NEW YORK, P.O. JAMES E. BIGGS, P.O.
JOHN A. IODICE, Sgt. WILLIE
BRIGGS, P.O. YOELDY ESPINAL, P.O. BENITO CRUZ,
and POLICE OFFICERS JOHN AND JAMES DOE, meant
to designate offending officers, Individually and in their
official capacities,

                              Defendants.

------------------------------------------------------------------------------X

       Plaintiff, by his attorney, Jonathan L. Gleit, Esq., complaining of the Defendants,

respectfully alleges, upon information and belief, as follows:


**PRELIMINARY STATEMENT**

1.      This is a civil rights action in which the plaintiff, VAY GORDON, seeks relief for

the defendants' violation of his civil rights secured by the Civil Rights Act of 1871, 42

U.S.C.§1983, by the United States Constitution, including its First, Fourth and

Fourteenth Amendments, and by the laws and Constitution of the State of New York,

further described below.  Plaintiff seeks compensatory and, individually, punitive

damages, an award of costs, interest and attorney's fees, and such other and further

relief as this Court deems just and proper.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF VAY GORDON

2.      At the time of the commencement of this action, plaintiff VAY GORDON was and still is a resident of the County of Bronx, City and State of New York.

3.      That the causes of action alleged herein arose in the County of Bronx, City and State of New York.

4.      That at all times herein mentioned, Defendants CITY OF NEW YORK was, and still is, a Municipal Corporation and body politic, duly formed, organized and existing under and by virtue of the laws of the State of New York.

5.      That the CITY OF NEW YORK maintains a Police Department.

6.      That on and about June 2, 2020 P.O. JOHN A. IODICE was employed by the CITY OF NEW YORK and THE NEW YORK POLICE DEPARTMENT.

7.      That on and about June 2, 2020,  at approximately 11:20 P.M., P.O. JOHN A. IODICE was working and acting within the scope of his employment as a Police Officer, and under the color of law.

8.      That on and about June 2, 2020 Sgt. WILLIE BRIGGS was employed by the CITY OF NEW YORK and THE NEW YORK POLICE DEPARTMENT.

9.      That on and about June 2, 2020,  at approximately 11:20 P.M., Sgt. WILLIE

BRIGGS was working and acting within the scope of his employment as a Police Officer,

and under the color of law.

10.     That on and about June 2, 2020 P.O. YOELDY ESPINAL was employed by the

CITY OF NEW YORK and THE NEW YORK POLICE DEPARTMENT.

11.     That on and about June 2, 2020,  at approximately 11:20 P.M., P.O. YOELDY

ESPINAL was working and acting within the scope of his employment as a Police

Officer, and under the color of law.

12.     That on and about June 2, 2020 P.O. BENITO CRUZ was employed by the CITY

OF NEW YORK and THE NEW YORK POLICE DEPARTMENT.

13.     That on and about June 2, 2020,  at approximately 11:20 P.M.,P.O. BENITO CRUZ

was working and acting within the scope of his employment as a Police Officer, and

under the color of law.

14.     That on and about June 2, 2020, OFFICERS JOHN AND/OR JAMES DOE, were

employed by the CITY OF NEW YORK and THE NEW YORK CITY POLICE

DEPARTMENT.

15.    That on and about June 2, 2020,  at approximately 11:20 P.M., said OFFICERS

JOHN AND/OR JAMES DOE were working and acting within the scope of their

employment as a Police Officers, and under the color of law.

16.    That on or about June 2, 2020 at approximately approximately 11:20 P.M.,

plaintiff was lawfully present at or near the vicinity of the front of 434 East 155th Street,

Bronx, New York plaintiff.

17.    That on said date plaintiff VAY GORDON was an essential worker, and at the

time and place aforesaid carried on his person a letter documenting his status as an

essential worker and his work identification, and at the time and place aforesaid, was in

his work uniform.

18.    That at the time and place aforesaid, plaintiff was commuting home from his

employment on his e-bike.

19.    That at the time and place aforesaid, plaintiff heard the revving of a motor

vehicle engine and immediately thereafter was cut off by the vehicle, whereupon

officers exited the vehicle with their service weapons drawn, or in a stance appearing to

draw weapons.

20.    Immediately thereafter plaintiff was violently thrown on the hood of a vehicle

and then violently thrown the to ground.

21.    Immediately thereafter the assault and battery upon plaintiff by defendants continued as defendants beat, punched and kicked plaintiff, placed a great deal of pressure on plaintiff's back and placed force upon his head and neck, causing his face to be in contact with the ground with such force that a serious abrasion was caused on his eye and cheek.

22.    That at no time did plaintiff resist said assaults in any way.  Nevertheless, while said assaults continued, plaintiff heard officers yelling "stop resisting".

23.    That offending officers did utilize unnecessary unjustified excessive force upon plaintiff, which constituted assaults and battery upon plaintiff.

24.    Plaintiff was then arrested and physically restrained by handcuffs, which unwanted touching also constituted an assault and battery upon plaintiff.

25.    Said arrest of plaintiff was without probable or reasonable cause.

26.    At no time did defendants ask or seek to determine if plaintiff was an essential worker.

27.    Plaintiff was then confined to a police vehicle, however, his e-bike was left at the location, was not kept for safekeeping, preserved or vouchered.

28.    Plaintiff was then transported to the 40th Police Precinct, in restraints.

29.     Plaintiff proceeded to have a panic type attack, was overheated, and when

plaintiff requested that his sweater be allowed to be removed, was told, "when you pass

out we will call EMS".

30.     Plaintiff then started to pass out and believes he briefly lost consciousness.

31.     When plaintiff stated that he was an essential worker, a defendant stated "You

are not an essential worker" despite the essential worker documentation he carried and

his work identification.  A defendant then stated "Keep doing it for George Floyd".

32.     Plaintiff was then confined to a jail cell.

33.     Some time thereafter plaintiff was issued a summons by P.O. JOHN A. IODICE,

which read "Disbey Mayor Order" [ sic ], summons number 4448279190, and listed a

violation of Administrative Code 3-108.

34.     That upon information and belief, the assaulting and offending officers did

transfer custody of plaintiff to another officer in an attempt to hide their identity from

scrutiny, responsibility and service of process.

35.     That on or about June 2, 2020 at approximately approximately 11:20 P.M., at or

near the vicinity of the front of 434 East 155th Street, Bronx, New York, the plaintiff VAY

GORDON was assaulted and improperly arrested and confined without privilege,

knowledge of warrant, proper authority nor justification, having no reason in law or in fact to assault, arrest or confine VAY GORDON.

36.     That the defendants, their agents, servants and/or employees arrested the plaintiff VAY GORDON without any basis in law or fact and without reasonable, probable or just cause or justification.

37.     That the defendants, their agents, servants and/or employees arrested the plaintiff VAY GORDON without any basis in law or fact, by making false accusations against him, when they knew, or in the exercise of reasonable care, should have known they were false.

38.     That the defendants, their agents, servants and/or employees unlawfully arrested, searched and detained the plaintiff VAY GORDON, who was aware of his unlawful detention and confinement, and took his property without any basis in law or fact, thereby causing fright, shock, emotional distress and physical consequences.

39.     That plaintiff was forcibly detained, including being restrained by hand cuffs and by other means, which necessarily constituted additional unwanted touching, thereby further assaulting and battering plaintiff.

40.     That the defendants P.O. JOHN A. IODICE, Sgt. WILLIE BRIGGS, P.O. YOELDY ESPINAL, P.O. BENITO CRUZ  and OFFICERS JOHN AND JAMES DOE, did

knowingly and maliciously provide false information to the prosecutor of the criminal

action against plaintiff thereby initiating and causing him to suffer an unjust

prosecution that defendants had no reasonable expectation would succeed.

41.     That on September 9, 2020, Judge Tamiko A. Amaker, a Judge of the Criminal

Court of Bronx County,  did dismiss all criminal charges against plaintiff, in the interests

of justice, and the prosecution of plaintiff initiated by defendants in malice and without

probable cause, was terminated in plaintiff's favor.

42.     That the CITY OF NEW YORK and the named defendants did assault and batter

plaintiff without justification or cause, did falsely and wrongfully arrest plaintiff

without probable or reasonable cause nor privilege of any kind, intended to and did

confine plaintiff without his consent, which non-privileged confinement plaintiff was

consciously aware of, and did initiate a criminal proceeding without probable cause,

maliciously.

43.     That the CITY OF NEW YORK allowed, condoned, permitted and caused a

policy and procedure of repeatedly arresting innocent citizens, and engaging in a policy

and procedure of arresting persons without individualized reasonable or probable

cause for nefarious, unlawful reasons, including to satisfy arrest quotas, to obtain

overtime pay and/or for employment advancement and/or to attempt to justify their

own wrongful conduct, and without probable or reasonable cause, and repeatedly

providing false information and testimony without reprimand to the offending officers.

44.     Said Administrative Code 3-108 violated the Constitution of the State of New

York and the Constitution of the United States of America, and was enforced in such a

manner as to further violate the rights of individuals, including the plaintiff herein, and

hundreds of other individuals, including essential workers such as plaintiff.

45.     In addition to being a violation of the First Amendment of the United States

Constitution, and the freedom of movement of the Privileges and Immunity Clause, and

the Fifth and Fourteenth Amendments prohibition of a deprivation of liberty without

Due Process, said Administrative Code was utilized by the NewYork City Police

Department and its officers as a justification for brutal attacks on innocent persons,

including the plaintiff herein.

46.     Such patterns of brutal attacks and unlawful detentions on innocent persons are

detailed in an action commenced by the New York Attorney General in the Untied

States District Court, Southern District of New York under Civil Action No. 21-cv-322,

respectfully incorporated herein.

47.     That said illegal and unlawful arrests of innocent persons without reasonable or

probable cause and conducting searches in public and while in custody are a matter of

policy and record and openly acknowledged or known by the defendants and their

supervisors, yet condoned without any reprimand of the offending officers, referral to

the District Attorney or Federal Law Enforcement officials for criminal prosecution, or

even bone fide internal investigation to deter actions like those complained of herein

and evidenced by the large amount of dismissals of criminal charges under similar

circumstances.

48.     Additionally, defendants had a policy, practice and procedure of having arrest

quotas and/or productivity goals which results in the false arrests of innocent persons

is exhibited, for instance, in the November 1, 2011 conviction of New York Police

Department Det. Jason Arbeeny, whereat Justice Gustin Reichbach commented on the

evidence presented by several witnesses that officers were expected to make certain

arrest goals.

49.     Additionally in the case of Floyd, et al. v. City of New York, et al., In the Southern

District of New York Case 08 Civ.1034,  New York City Police Officer Adhil Polanco

testified in open court and under oath that the NEW YORK CITY POLICE

DEPARTMENT routinely arrest primarily minority populations without a legal reason

to do so,  and are required or expected to do so, to satisfy arrest quotas. Said arrest

quotas, euphemistically known under such terms as 'productivity goals',  lead to a

practice and procedure of, for instance, arresting persons for conduct that is not

criminal.

50.     Additionally, Officer Craig Matthews presented evidence in federal court that he

was subject to retaliation for reporting said quota system in 2009 and Officers Pedro

Serrano and Adrain Schoolcraft presented evidence in recorded form of the use of arrest

quotas by the New York City Police Department..

51.     Furthermore the CITY OF NEW YORK allowed, condoned, permitted and

caused a policy and procedure of arresting innocent persons for such charges as

disorderly conduct in ill-fated attempts at justifying their own misconduct, or in

retaliation for legal behaviors not to the arresting officers liking, and in an effort to

subjugate certain minority male populations as an excuse for selectively enforcing

supposed 'quality of life' violations.

52.     Said practice and procedure of falsely arresting innocent persons on such charges

as violating Administrative Code 3-108  is well evidence by defendants' own compstat

and other statistical tabulations, as well as those of the district attorney, the civilian

complaint review board and the bureau of internal affairs in retaliation and in ill-fated

attempts at justifying their own wrongful conduct.

53.     Additionally on October 1, 2015 the New York City Department of Investigation

Office of the Inspector General for the NYPD issued a report, which is incorporated

herein and can be found at http://www.nyc.gov/html/oignypd/assets/downloads/

pdf/oig_nypd_use_of_force_report_-_oct_1_2015.pdf . That report determined that the

New York City Police Department routinely fails to discipline officers who have

engaged in misconduct, and fails to adequately track instances of abuse of power, and

fails to properly train officers, and despite those findings, and perfunctory attempts at

remediation, the practice continues unabated, and was evidenced by the The Report of

the Independent Panel on the Disciplinary System of the New York City Police

Department, found at  https://www.independentpanelreportnypd.net and

incorporated herein

54.     While numerous high profile cases demonstrate this practice, such as the de

minimis discipline of the police officers who caused or contributed to the deaths of Eric

Gardner and Noel Polanco or the assault upon James Blake,  thousands of other

individuals have been victims of this practice, including the Plaintiff herein, who garner

no publicity but who are necessarily known by the Defendants by virtue of the claims

and actions brought and filed against such officers who engage in such nefarious and

brutal actions yet receive little or no repercussions or discipline as detailed above.

55.     That no negligence or actions on the part of the plaintiff VAY GORDON

contributed to the occurrences alleged herein in any manner whatsoever.

56.     That this cause of action falls within one or more of the exceptions as set forth in

CPLR Section 1602.

57.     That as a result of the foregoing, the plaintiff VAY GORDON was damaged in a

sum which exceeds the jurisdiction of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE

## PLAINTIFF VAY GORDON

58.     That plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs enumerated 1 through 57 as though more fully set forth herein.

59.     That on June 16, 2020 plaintiff caused a Notice of Claim to be presented to the

defendant CITY OF NEW YORK, by providing a copy thereof to the offices of the

defendant CITY OF NEW YORK, which said Notice of Claim set forth the name and

post office address of the claimant and claimant's attorney, the nature of the claim, the

time when, the place where, and the manner in which the claim arose and items of

damage or injuries claimed to have been sustained, so far as then practicable.

60.     At least thirty (30) days have elapse prior to the commencement of this action

and adjustment of payment thereof be neglected or refused by the defendant.

61.     Defendant did notice and demand a General Municipal Law §50-h hearing and

plaintiff did appear and testify at said hearing on October 9, 2020.

62.     This action was commenced on the claim within one year and ninety days after

the happening of the events upon which the claims are based or within the time

allowed by law.

63.     That on or about June 2, 2020 at approximately 11:20 P.M., at or near the vicinity

of the front of 434 East 155th Street, Bronx, New York, the plaintiff VAY GORDON was

improperly arrested and confined without privilege, knowledge of warrant, proper

authority, justification nor reasonable or probable cause, having no reason in law or in

fact to arrest VAY GORDON.

64.     That at all times herein mentioned, Defendants, their agents, servants and / or

employees, deprived the plaintiff VAY GORDON of Due Process under Law.

65.     That the acts of the Defendants, CITY OF NEW YORK, their agents, servants

and / or employees, P.O. JOHN A. IODICE, Sgt. WILLIE BRIGGS, P.O. YOELDY

ESPINAL, P.O. BENITO CRUZ and POLICE  OFFICERS JOHN AND / OR JAMES DOE

were acts of discrimination, were racist, and improper, and that the defendants' actions

amounted to False Arrest, and the defendants were otherwise careless, reckless and

negligent.

66.     That the plaintiff VAY GORDON, being aware of his unjust confinement, suffered

severe and serious physical, emotional and psychological trauma, damages and injuries

due to the negligence, carelessness and recklessness of Defendants CITY OF NEW

YORK, P.O. JOHN A. IODICE, Sgt. WILLIE BRIGGS, P.O. YOELDY ESPINAL, P.O.

BENITO CRUZ and POLICE OFFICERS JOHN AND/OR JAMES DOE.

67.     That no negligence or actions on the part of the plaintiff VAY GORDON

contributed to the occurrences alleged herein in any manner whatsoever.

68.     That this cause of action falls within one or more of the exceptions as set forth in

CPLR Section 1602.

69.     That as a result of the foregoing, the plaintiff VAY GORDON was damaged in a

sum which exceeds the jurisdiction of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF THE

## PLAINTIFF VAY GORDON

70.     That plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs enumerated 1 through 69 as though more fully set forth herein.

71.     That during his aforesaid arrest,  the defendants, their agents, servants and/or

employees utilized unnecessary, excessive and unjustified force against the plaintiff.

72.     That the actions herein described, by the defendants, their agents, servants and/or employees, constituted assaults and battery upon Plaintiff.

73.      As a result of the aforesaid assaults, plaintiff VAY GORDON received injuries with accompanying physical and mental pain and suffering; that the plaintiff was made, still is and will continue to be sick, sore, lame and disabled and sustained other injuries, both internal and external; that it was necessary and will be so in the future, to incur medical expenses for the care, treatment and attention of the plaintiff and for the purchase of drugs and medicines, and that plaintiff was and in the future will be prevented from attending to plaintiff's usual vocation and avocations and was otherwise damaged and injured.

74.     That no negligence or actions on the part of the plaintiff contributed to the occurrences alleged herein in any manner whatsoever.

75.     That this cause of action falls within one or more of the exceptions as set forth in CPLR Section 1602.

76.     That as a result of the foregoing, the plaintiff VAY GORDON was damaged in a sum which exceeds the jurisdiction of all lower Courts.

**<ins>AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF THE</ins>**

**<ins>PLAINTIFF VAY GORDON</ins>**

77.     That plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs enumerated 1 through 76 as though more fully set forth herein.

78.     That on December 8, 2020 plaintiff caused a Notice of Claim to be presented to

the defendant CITY OF NEW YORK, by providing a copy thereof to the offices of the

defendant CITY OF NEW YORK, which said Notice of Claim set forth the name and

post office address of the claimant and claimant's attorney, the nature of the claim, the

time when, the place where, and the manner in which the claim arose and items of

damage or injuries claimed to have been sustained, so far as then practicable.

79.     At least thirty (30) days have elapse prior to the commencement of this action

and adjustment of payment thereof be neglected or refused by the defendant.

80.      Defendant did not notice and demand a General Municipal Law §50-h hearing,

however, plaintiff did appear and testify at the aforesaid hearing Noticed for October 9,

2020.

81.     This action was commenced on the claim within one year and ninety days after

the happening of the events upon which the claims are based or within the time

allowed by law.

82.    That defendants, their agents, servants and/or employees initiated a prosecution

of plaintiff and continued to deny and threaten plaintiff's liberty and freedom after they

knew, or should have known, he was innocent of all charges being alleged against him.

83.    That the defendants, their agents, servants and/or employees continued to

prosecute the criminal action against the plaintiff due to racism and prejudice and

without any basis in law or fact.

84.    That the defendants P.O. JOHN A. IODICE, Sgt. WILLIE BRIGGS, P.O. YOELDY

ESPINAL, P.O. BENITO CRUZ and OFFICERS JOHN AND/OR JAMES DOE, did

knowingly and maliciously provide false information to the prosecutor of the criminal

action and/or falsely and/or misleadingly provide sworn testimony or statements

against plaintiff thereby causing him to suffer an unjust prosecution initiated without

probable cause that the prosecutions would succeed.

85.    That on September 9, 2020, Judge Tamiko A. Amaker, a Judge of the Criminal

Court of Bronx County,  did dismiss all criminal charges against plaintiff in the interests

of justice, and the prosecution of plaintiff initiated by defendants in malice and without

probable cause, was terminated in plaintiff's favor

86.    That by reason of the aforementioned, the Defendants actions amounted to a

malicious prosecution of VAY GORDON.

87.     As a result of the malicious prosecution, plaintiff was deprived of his liberty

and suffered the humiliation, mental anguish, indignity and frustration of an unjust

criminal prosecution, and was otherwise damaged and injured and forced to defend his

liberty for a period of approximately ninety nine days.

88.     That this cause of action falls within one or more of the exceptions as set forth in

CPLR Section 1602.

89.     That as a result of the foregoing, the Plaintiff VAY GORDON was damaged in a

sum which exceeds the jurisdiction of all lower Courts..

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE

## PLAINTIFF VAY GORDON

90.     That plaintiff repeats, reiterates and realleges each and every allegation

contained in paragraphs enumerated 1 through 89 as though more fully set forth herein.

91.     That the defendants carelessly, recklessly and negligently failed to properly

interview, hire, select, train, manage, supervise and control its employees, agents, and /

or servants and negligently retained its employees, agents, and / or servants.

92.     That the defendants carelessly, recklessly and negligently failed to properly

interview, hire, select, train, manage, supervise and control its employees, agents, and /

or servants and negligently retained its employees, agents, and / or servants in the

proper and lawful arrest of individuals and in the proper use of force.

93.     That solely by reason of the aforesaid occurrence, and as a direct and proximate

result of the Defendant's negligence, plaintiff VAY GORDON was denied freedom and

rights under the federal and state constitutions and received great and severe injuries

with accompanying physical and mental pain and suffering; that the plaintiff was made,

and still are and will continue to be sick, sore, lame and disabled and sustained other

injuries, both internal and external, all of which, upon information and belief, will be

permanent; that it was necessary and will be so in the future, to incur medical expenses

for the care, treatment and attention of the plaintiff and for the purchase of drugs and

medicines, and that plaintiff was and in the future will be prevented from attending to

plaintiff's usual vocation and avocations; all to the plaintiff's damage in sums which

exceed the jurisdiction of all lower Courts.

94.     That this cause of action falls within one or more of the exceptions as set forth in

CPLR Section 1602.


        WHEREFORE, Plaintiff demands judgment against the Defendants on the First

Second, Third, Fourth and Fifth Causes of Action, and inclusive of  punitive damages,

and attorneys fees as permitted by statute, in sums which exceed the jurisdiction of all lower Courts, together with the costs and disbursements of this action.

Dated: Bronx, N.Y.
July 27, 2021

_____
 By:  JONATHAN L. GLEIT, ESQ.
 *Attorney for Plaintiff*
 VAY GORDON
 888 Grand Concourse
 Suite 1-O
 Bronx, NY 10451
 (718) 742-0200

To:

To: CITY OF NEW YORK CORPORATION COUNSEL
NYC Law Dept. 100 Church Street, 4th Floor, Law Dept. , New York, New York 10007

Sgt. WILLIE BRIGGS, Shield 362; P.O. YOELDY ESPINAL, Shield 2470; P.O. BENITO CRUZ, Shield 1486, all of the 40th Precinct, 257 Alexander Ave., Bronx NY 10454

# ATTORNEY'S  VERIFICATION

Jonathan L. Gleit, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney of record for Plaintiff,

VAY GORDON

I have read the annexed

AMENDED COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by myself and not Plaintiff is that affirmant is presently maintaining his office outside of the county wherein plaintiff resides due to the COVID-19 crisis and Executive Orders issued thereunder.

DATED:  Bronx, N.Y.

    July 27, 2021

              _____

              JONATHAN L. GLEIT, ESQ.